Case 3:05-cv-01696-D   Document 1   Filed 08/23/05   Page 1 of 12   PageID 1


ORIGINAL

222 353

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 23 2005

CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § | |
| PLAINTIFF, | § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| CALC PARTNERS L.P., | § § | 3 05CV1696.-D |
| DEFENDANT. | § § | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes PHILADELPHIA INDEMNITY INSURANCE COMPANY, Plaintiff herein, and files this, its Complaint for Declaratory Judgment pursuant to 28 U.S.C.A. §2201 *et seq.* and would show the Court as follows:

### I.

### PARTIES

1. Plaintiff, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PHILADELPHIA") is an insurance company authorized to do business in the State of Texas with its principal place of business in Philadelphia, Pennsylvania.

2. Defendant, CALC PARTNERS L.P. ("CALC PARTNERS"), is a Texas limited partnership, and may be served with citation by serving its registered agent, Anthony Cimino, at 16901 North Dallas Parkway, Suite 126, Addison, Texas 75001, or wherever he may be found.

## II.

### JURISDICTION

3. Jurisdiction is based upon the Court's diversity of citizenship. 28 U.S.C. §1332.

## III.

### VENUE

4. Venue is proper inasmuch as the Northern District of Texas is the District in which the property which is the subject of the dispute is located. A ruling by this court would not be advisory in nature but will dispose of issues and parties involved. Furthermore, this Court has jurisdiction because the underlying claim made the basis of the lawsuit involves a dollar amount in excess of $75,000.

## IV.

### UNDERLYING CLAIM

5. The policy in question was issued by PHILADELPHIA INDEMNITY INSURANCE COMPANY under Policy No. PHPK-074694 with an effective date of March 14, 2004, to March 14, 2005. Coverage is for the property located at 9500 Forest Lane, Dallas, Texas.

6. On or about November 8, 2004, PHILADELPHIA received a claim filed by CALC PARTNERS for damages to the roof arising from the work of contractors hired by a tenant, Verizon. The actual loss occurred approximately 4 months prior, on or about July 1, 2004. PHILADELPHIA immediately commenced an investigation which revealed that some or all of the damages for which the insured contends was caused by the Verizon contractor were pre-existing and not as the result of the loss on July 1, 2004.

V.

POLICY

7.    The policy provides in part,

PROPERTY COVERAGE FORM

A.    COVERAGE

We will pay for direct physical "loss" to Covered Property caused by or resulting from any of the Covered Causes of Loss.

    1.    **Covered Property**

    Covered Property, as used in this Coverage Form, means the following types of property for which a Limit of Insurance is shown in the Declarations.

        a.    **Your Business Personal Property**, and similar property of others in your care, custody or control:

            (1)    Located in or on the **"buildings"** described in the Declarations or within 1,000 feet of the described premises;

            (3)    Property at locations not specifically identified, including property in the care, custody or control of salespersons, property at exhibitions and trade shows;

            Consisting of the following:

            (b)    Machinery and equipment;

            (j)    Communication towers, antennas or satellite dishes including their lead-in wiring, masts and guy wires;

        b.    **"Buildings"** described in the Declarations including:

            (7)    If not covered by other insured:

                (a)    Alterations within, or on the exterior of, the existing **"buildings"**;

  (b) Materials, equipment, supplies and temporary structures, on or within 1,000 feet of the described premises, used for making alterations to the existing **"buildings"**;

2. **Property Not Covered**

   Covered Property does not include:

   i. Property that is covered under another Coverage Form of this or any other policy in which it is more specifically described, except for the excess of the amount due (whether you can collect on it or not) from that other insurance;

4. **Additional Coverages**

   The most we will pay in any one occurrence for each of the following Additional Coverages is as stated under oath, unless a different limit is shown in the Superseding Limits section of the Additional Coverage Summary Declarations.

   j. **Consequential Damage**

     We will pay for **"consequential damage"** to covered Business Personal Property caused by or resulting from any of the Covered Causes of Loss.

     The most we will pay under this Additional Coverage in any one occurrence is $25,000.

5. **Coverage Extensions**

   Except as otherwise provided, the following Coverage Extensions apply to property located in or on the **"buildings"** described in the Declarations or within 1,000 feet of the described premises.

   The most we will pay in any one occurrence for reach of the following Coverage Extensions is as stated under each, unless a different limit is shown in the Superseding Limits column of the Additional Coverage Summary Declarations.

E. **Loss Conditions**

   The following conditions apply in addition to the Common Policy Conditions and the commercial Property Conditions:

3. **Duties in the Event of Loss**

    a. You must see that the following are done in the event of **"loss"** to Covered Property:

        (2) Give us prompt notice of the **"loss"**. Include a description of the property involved.

        (3) As soon as possible, give us a description of how, when and where the **"loss"** occurred.

        (4) Take all reasonable steps to protect the Covered Property from further damage by any of the Covered Causes of Loss. If feasible, set the damaged property aside and in the best possible order for examination. Also keep a record of your expenses for emergency and temporary repairs, for consideration in the settlement of the claim. This will not increase the Limit of Insurance.

        (5) At our request, give us complete inventories of the damaged and undamaged property, including quantities, costs, values and amount of **"loss"** claimed.

        (9) Send us a signed sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

        (10) Cooperate with us in the investigation or settlement of the claim.

4. **Loss Payment**

    a. In the event of **"loss"** to Covered Property covered by this Coverage form, at our option, we will either:

        (1) Pay the value of lost or damaged property;

        (2) Pay the cost of repairing or replacing the lost or damaged property;

        (3) Take all or any part of the property at an agreed or appraised value; or

    (4) Repair, rebuild or replace the property with other property of like kind and quality.

  d. We may adjust the **"loss"** with the owners of lost or damaged property if other than you. If we pay the owners, such payments will satisfy your claims against us for the owners' property. We will not pay the owners more than their financial interest in the Covered Property.

**CAUSES OF LOSS FORM**

**A.** **COVERED CAUSES OF LOSS**

**Covered Causes of Loss** means Risks of Direct Physical Loss unless the **"loss"** is:

1. Excluded in Section **B., Exclusions**; or

2. Limited in Section **C., Limitations**;

that follow.

**B.** **EXCLUSIONS**

 2. We will not pay for **"loss"** caused by or resulting from any of the following:

  d. (1) Wear and tear;

    (2) Rust, corrosion, fungus, decay, deterioration, spoilage, contamination, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

   But if **"loss"** by the **"specified causes of loss"** or building glass breakage results, we will pay for that resulting **"loss"**.

  i. Collapse, except as provided below in the Additional Coverage for Collapse. But if **"loss"** by any of the Covered Causes of Loss results at the described premises, we will pay for that resulting **"loss"**.

 3. We will not pay for **"loss"** caused by or resulting from any of the following. But if **"loss"** by a Covered Cause of Loss results, we will pay for that resulting **"loss"**.

  c. Faulty, inadequate or defective:

  (2) Design, specification, workmanship, repair, construction, renovation, remodeling, grading, compaction;

  (4) Maintenance;

 Of part or all of any property on or off the described premises.

4. **Special Exclusions**

 The following provisions apply only to the Coverage Forms listed below, if these Coverage Forms are attached to the Policy.

 a. **Business Income, Extra Expenses and Business Income with Extra Expenses Coverage Forms.**

 We will not pay for:

  (2) Any loss caused by or resulting from direct physical "**loss**" to communication antennas or satellite dishes, including their lead-in wiring masts or towers.

C. LIMITATIONS

 1. We will not pay for "**loss**" to:

  c. The interior of any "**buildings**", or to personal property in "**buildings**", caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

D. ADDITIONAL COVERAGE - COLLAPSE

We will pay for "**loss**" caused by or resulting from risks of direct physical "**loss**" involving collapse of "**buildings**" or any part of "**buildings**" caused only by one or more of the following:

 4. Weight of people or personal property;

We will not pay for "**loss**" to the following types of property, if otherwise covered in this Policy, under items **2.**, **3.**, **4.** and **5.**, unless the "**loss**" is a direct result of the collapse of "**buildings**"; outdoor communication antennas or satellite dishes, including their masts or lead - in wiring; awnings, gutters and downspouts; yard fixtures; outdoor swimming pools; fences; beach or diving platforms or appurtenances; resting walls.

**COMMERCIAL PROPERTY CONDITIONS**

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

**H. POLICY PERIOD, COVERAGE TERRITORY**

Under this Coverage Part:

1. We will cover loss or damage commencing:

   a. During the policy period shown in the Declarations; and

   b. Within the coverage territory.

2. The coverage territory is:

   a. The United States of America (including its territories and possessions);

   b. Puerto Rico; and

   c. Canada.

8. Upon being put on notice of the claimant's claims, PHILADELPHIA timely commenced its investigation and review of insurance coverage, including its potential duties. PHILADELPHIA tendered what it believed was due and owing under the policy which was rejected by the insured, CALC PARTNERS. There is a real substantial controversy between Plaintiff and Defendant regarding the coverage under this policy issued by PHILADELPHIA. Plaintiff invokes the Uniform Declaratory Judgment Act to have the Court interpret and construe the insurance policy in light of the factual allegations made by the Claimants and the claim as submitted and information received as of today's date.

9. PHILADELPHIA would assert that the damages as alleged by CALC PARTNERS did not occur and/or commence during the policy period. Further, even if there was loss during the policy

period, only a portion would be covered under the terms and provisions of the policy as presented by the information received to date.

10.   Plaintiff has retained the law offices of Shaddox Compere Walraven & Good to represent it in this action and has agreed to pay the firm reasonable and necessary attorney's fees. Reasonable and necessary attorney's fees would be equitable and just and therefore authorized. PHILADELPHIA requests a declaration that only a portion of the losses as alleged by the insured are covered under the terms and provisions of the policy with the remaining losses as alleged are not covered under the terms and provisions of the policy and did not commence under the policy period.

WHEREFORE, PREMISED CONSIDERED, PHILADELPHIA INDEMNITY INSURANCE COMPANY prays that this Court grant all relief prayed for herein by PHILADELPHIA and for such and other further relief to which PHILADELPHIA may be justly entitled.

Respectfully submitted,

SHADDOX, COMPERE, WALRAVEN & GOOD
1250 N.E. Loop 410, Suite 725
San Antonio, Texas 78209
210/822-2018
210/822-4068 (Fax Number)

By _____
STEPHANIE O'ROURKE
State Bar No. 15310800

ATTORNEYS FOR PLAINTIFF, PHILADELPHIA INDEMNITY INSURANCE COMPANY

...
x

| Plaintiff's Local Counsel | Michael W. Moran |
| --- | --- |
| | State Bar No. 24000744 |
| | STRASBURGER & PRICE, LLP |
| | 901 Main Street, Suite 4300 |
| | Dallas, Texas 75202 |
| | 214/651-4300 |
| | 214/651-4330 (Fax Number) |

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

## I. (a) PLAINTIFFS
Philadelphia Indemnity Insurance Company

## DEFENDANTS
Calc Partners, L.P.

**(b)** County of Residence of First Listed Plaintiff: **Montgomery**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Dallas**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephanie O'Rourke
Shaddox Compere Walraven & Good
1250 NE Loop 410 Suite 725
San Antonio, Texas 78209
210/822-2018; 210/822-4068 (Fax Number)

RECEIVED AUG 23 2005 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

Attorneys (If Known)

**3 05CV1696.-D**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- x 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | x 4 |
| Citizen of Another State | x 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | 5 | x 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| x 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of contract. Section 28 U.S.C. Section 1446(b), Declaratory Judgment on insurance coverage

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ excess 100,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   x No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/17/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.